CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 6 2013

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROGER LEE STEPHENS,** | ) | CASE NO. 7:12CV00356 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| **EDDIE PEARSON, WARDEN,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Roger Lee Stephens,[1] a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a state court judgment convicting him of two counts of murder and related offenses. Stephens asserts that his convictions must be overturned because incriminating statements, obtained in violation of his right to counsel, were used against him at trial. Upon review of Stephens' submissions, the appropriate state court records, and the motion to dismiss, the court concludes that the motion to dismiss must be granted.

I

In addressing Stephens' claim on appeal, the Supreme Court of Virginia relied on the following facts, which are not in dispute:

> Zachary Titus and Mark Hopkinson were shot and killed in the course of a drug transaction and robbery in Pittsylvania County. Roger Lee Stevens was arrested in connection with these murders and taken to a police station in Chatham, Virginia for questioning. Officers William H. Chaney and T.L. Nicholson with the Pittsylvania County Sheriff's Department conducted the interrogation. Officer Chaney advised Stevens of his right to have counsel present during the custodial

---

[1] At trial and on direct appeal, petitioner was referred to as Roger Lee Stevens a/k/a Roger Lee Stephens. Petitioner has chosen to file this petition under the name Roger Lee Stephens. Therefore, the court will refer to petitioner as Stephens.

interrogation and his right to remain silent or terminate the interrogation at any time pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Stevens voluntarily waived these rights. Stevens answered the officers' questions for approximately two hours, during which time he did not ask for an attorney and made no incriminating statements.

The next morning, pursuant to the magistrate's order, Stevens was transported to the court building for his initial appearance before a court not of record for purposes of advising him of his right to bail and for appointment of counsel if appropriate. Code §§ 19.2–158 and –159. However, the magistrate's order incorrectly sent Stevens to the juvenile and domestic relations district court rather than the general district court. Because the general district court was not in session, Stevens was placed in a holding cell pending his transfer back to jail.

Officer Chaney received word that Stevens wanted to talk with Chaney again. Chaney went to the holding cell and had a "basic conversation" with Stevens. Stevens asked if he could go home to see his child. Chaney explained that Stevens was in police custody for several serious crimes and could not go home. Chaney told Stevens that later he would have Stevens brought down to Chaney's office, which was in the same building as the holding cell, to talk with him some more.

Later in the day, Officers Chaney and Nicholson had Stevens brought to their office. The conversation was digitally recorded and proceeded as follows:

Chaney: You wanna, you want to talk to us some more?
Stevens: Ya'll want to talk to me or something?
Chaney: Yeah. You want to talk to us?
Stevens: Ya'll want to talk to me? I ain't doing nothing [inaudible] sitting.
Chaney: Well reason we ask is cause we brought you back over that, this morning you asked for me, and we brought you back over here the reason I'm asking you is because your rights still apply. You still understand your rights?
Stevens: I have the right to remain silent.
Nicholson: Yeah.
Chaney: Everything that I read you last night, do you still understand your rights?
Stevens: Mm-hmm.
Chaney: You can have a lawyer present if you want one.
Stevens: I want, that's what I need. I want to know what's, you know what I'm saying.
Chaney: You can stop answering at any time.
Stevens: That's what I want, a lawyer, man.
Chaney: You do want a lawyer.
Stevens: I mean, that's what I thought they brought me up here for today.
Nicholson: Well they gonna appoint you a lawyer. I mean you gonna get a lawyer.
Chaney: The question is do you want a lawyer before you talk to us again or are you willing to talk to us?
Stevens: I mean I'll listen to ya but you already said if I could stop if I wanted.

> Chaney: Stop answering at any time you want to.
> Stevens: I'll listen to what you got to say. If you want—if I say something—if I feel I don't want to say no more ya'll done told me I can stop.
> Nicholson: Yes sir.
> Chaney: Stop any time you want to.
> Nicholson: No problem at all with that.
> Chaney: All you got to say is I don't want to say—I don't want to talk to you no more. That's all you gotta say.
>
> Following this exchange, the officers continued to interview Stevens for approximately two-and-a-half hours during which time Stevens made incriminating statements.

Stevens v. Commonwealth, 720 S.E.2d 80, 81-82 (Va. 2012).

Thereafter, Stephens was indicted for two counts of murder, malicious wounding, robbery, conspiracy to commit robbery, and four counts of use of a firearm in the commission of a felony. (Case Nos. CR08000599-00 through CR08000607-00.) The trial court denied Stephens' motion to suppress his statements to police as unconstitutionally obtained, and the case proceeded to trial. A jury in the Circuit Court of Pittsylvania County convicted Stephens of all charges. The jury set Stephens' punishment at 160 years in prison. On January 27, 2009, the trial court imposed the sentence set by the jury.

Stephens appealed the judgment to the Court of Appeals of Virginia, contending that the police had obtained incriminating statements from him in violation of his right to counsel. A divided panel of the Court of Appeals found that officers had illegally continued to question Stephens after he had unambiguously invoked his right to counsel, that the trial court erred in denying the motion to suppress, and that this error was not harmless. The panel reversed Stephens' convictions and remanded the matter for a new trial. Stevens v. Commonwealth, Record No. 0266-09-3, 2010 WL 2482325, at *6 (Va. App. June 22, 2010). After granting the Commonwealth's petition for rehearing en banc, the Court of Appeals affirmed Stephens' convictions, finding the trial court did not err in denying the motion to suppress. Stevens v.

3

Commonwealth, 704 S.E.2d 585 (Va. App. 2011). The Supreme Court of Virginia granted Stephens' subsequent petition for appeal, but on January 13, 2012, affirmed Stephens' convictions, finding no error in the Court of Appeals' decision. Stevens, 720 S.E.2d 80.

Stephens filed his timely § 2254 petition in August 2012.[2] As he did on direct review, Stephens argues that the incriminating statements used against him were obtained in violation of his Fifth Amendment right to counsel and should have been suppressed. Respondent moves to dismiss the petition, and Stephens has responded, making the matter ripe for disposition.

## II

"[S]tate courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S.__, __, 131 S. Ct. 770, 787 (2011). Thus, under 28 U.S.C. § 2254(d), the federal habeas court must give deference to state court rulings on the merits of petitioner's claims.[3] The federal court may grant habeas relief only if the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 403-13 (2000). Where petitioner challenges the state court's application of federal precedent, he must demonstrate that the state court's adjudication was "not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). The state court's adjudication of a

---

[2] Stephens filed his petition in the United States District Court for the Eastern District of Virginia, and the case was transferred here because Pittsylvania County is within the territorial jurisdiction of this court.

[3] Absent a valid excuse, a state prisoner must have exhausted his state court remedies before seeking habeas corpus relief in federal court. 28 U.S.C. § 2254(b); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). Respondent admits that Stephens exhausted his state court remedies as to his current § 2254 claim by presenting it to the Supreme Court of Virginia on direct appeal.

4

claim as being without merit precludes federal habeas relief under § 2254(d) unless petitioner demonstrates that "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Harrington, 131 S. Ct. at 786 (omitting internal quotations). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. (omitting internal quotations).

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This protection applies from the first formal charging proceeding, with the goal of assuring that the "accused shall not be left to his own devices in facing the prosecutorial forces of organized society." Moran v. Burbine, 475 U.S. 412, 430 (1986) (omitting internal quotations).

Even before the initiation of a criminal charge, however, a different right -- the right to have counsel present during custodial interrogation -- arises in relation to the Fifth Amendment's guarantee that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." McNeil v. Wisconsin, 501 U.S. 171, 176 (1991). Under this Fifth Amendment protection, a suspect in custody, "having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities" without counsel present, unless the suspect waives an earlier request for counsel. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981).

To invoke the Edwards' rule that prohibits further police questioning, the suspect must "'express[ ]' his wish for the particular sort of lawyerly assistance that is the subject of Miranda." McNeil, 501 U.S. at 178 (quoting Edwards, 451 U.S. at 484). More specifically, the

5

suspect must make "some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney in dealing with custodial interrogation by the police." Id. (emphasis in original). "Where nothing about the request for counsel or the circumstances leading up to the request would render it ambiguous, all questioning must cease." Smith v. Illinois, 469 U.S. 91, 98 (1984). Where, however, "a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel," officers are not required to cease questioning. Davis v. United States, 512 U.S. 452, 459 (1994) (emphasis altered from original). In such situations, officers may, but are not required to, ask additional questions "to clarify whether or not [the suspect] actually wants an attorney" to be present during the questioning. Id.

In his § 2254 petition, Stephens argues that his statement, "That's what I want, a lawyer, man," which was "made in the context of a Miranda [a]dvisement," constituted an unequivocal and unambiguous invocation of his Fifth Amendment right to counsel during interrogation. (ECF No. 5, at 18.) Stephens also asserts that nothing about the circumstances preceding his conversation with police was ambiguous or equivocal.

Stephens raised these same arguments in his appeal to the Supreme Court of Virginia. The Court rejected Stephens' argument that his words alone constituted an unequivocal request for counsel during interrogation. Stevens, 720 S.E.2d at 83. Citing Smith, 469 U.S. at 99-100, and Davis, 512 U.S. at 459, the Court ruled that "pre-request circumstances are relevant to determining the clarity of the request" for counsel, and identified the appropriate inquiry as "whether a reasonable officer in light of the circumstances would understand the statement to be a request to have counsel present for the interrogation." Stevens, 720 S.E.2d at 83-84 (omitting

suspect must make "some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney in dealing with custodial interrogation by the police." Id. (emphasis in original). "Where nothing about the request for counsel or the circumstances leading up to the request would render it ambiguous, all questioning must cease." Smith v. Illinois, 469 U.S. 91, 98 (1984). Where, however, "a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel," officers are not required to cease questioning. Davis v. United States, 512 U.S. 452, 459 (1994) (emphasis altered from original). In such situations, officers may, but are not required to, ask additional questions "to clarify whether or not [the suspect] actually wants an attorney" to be present during the questioning. Id.

In his § 2254 petition, Stephens argues that his statement, "That's what I want, a lawyer, man," which was "made in the context of a Miranda [a]dvisement," constituted an unequivocal and unambiguous invocation of his Fifth Amendment right to counsel during interrogation. (ECF No. 5, at 18.) Stephens also asserts that nothing about the circumstances preceding his conversation with police was ambiguous or equivocal.

Stephens raised these same arguments in his appeal to the Supreme Court of Virginia. The Court rejected Stephens' argument that his words alone constituted an unequivocal request for counsel during interrogation. Stevens, 720 S.E.2d at 83. Citing Smith, 469 U.S. at 99-100, and Davis, 512 U.S. at 459, the Court ruled that "pre-request circumstances are relevant to determining the clarity of the request" for counsel, and identified the appropriate inquiry as "whether a reasonable officer in light of the circumstances would understand the statement to be a request to have counsel present for the interrogation." Stevens, 720 S.E.2d at 83-84 (omitting

internal quotations). The Court also rejected Stephens' argument that his request was unequivocal because he made it while being reminded of his Miranda rights, finding that a broader view of pre-request circumstances was required. Id. at 84.

> The circumstances preceding the moment when the officers heard Stevens say "[t]hat's what I want, a lawyer, man" included Stevens' prior waiver of his Miranda rights; two conversations during which Stevens did not request an attorney; Stevens' re-initiation of the second conversation with Officer Chaney; and the officers' knowledge that one of the reasons Stevens was brought to the court building was for the appointment of an attorney to represent him in the ensuing legal proceedings, but that no attorney had been appointed for him by the time they met with Stevens for the third time because the general district court was not in session. These circumstances support a reasonable police officer's belief that Stevens was willing to talk with the officers without an attorney present and that Stevens was in the court building for the appointment of a lawyer but no lawyer had yet been appointed. In this context, Stevens' request for a lawyer could be understood by a reasonable police officer to refer to either a lawyer for purposes of the custodial interrogation or a lawyer to represent Stevens in court. We agree with the Court of Appeals, that under the facts of this case, Officers Chaney and Nicholson "could have reasonably viewed Stevens' statement as ambiguous, and thus they were permitted to ask Stevens clarifying questions . . . ."

Id. (quoting Stevens, 704 S.E.2d at 592) (footnote omitted).

The court cannot find from this record that Stephens has demonstrated grounds for relief under § 2254. The Supreme Court of Virginia applied the established federal standards to the question of law at issue: whether petitioner's request for counsel was an unequivocal invocation of the right to counsel during interrogation. Considering only pre-request circumstances and the request itself, as required under Smith and Davis, the state court found that petitioner's request could be reasonably interpreted as either a request for counsel to be present immediately to deal with the police or for counsel to be appointed for the criminal proceedings. Because Edwards requires a cessation of questioning only after an unambiguous request to have counsel for interrogation purposes, the state court properly found that Stephens' ambiguous reference to counsel did not trigger Edwards protection; that the officers' post-request questions to clarify

7

Stephens' concerns did not violate Fifth Amendment protections against self-incrimination; and that petitioner was not entitled to have his subsequent, incriminating statements suppressed. This court finds no possibility that all reasonable jurists would agree that these state court conclusions represent an incorrect application of established federal standards. Harrington, 131 S. Ct. at 786. Thus, the court must also find that the state court's adjudication of Stephens' claim was not contrary to, or an unreasonable application of, established federal law and must grant the motion to dismiss under § 2254(d). An appropriate order will issue this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). The court finds that petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right" and therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 16th day of April, 2013.

_____
Chief United States District Judge

8